NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-376

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 10390

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (SORB) as a level two sex offender.  On appeal, Doe claims that the decision of the hearing examiner (examiner) was not based on substantial evidence, Doe's risk to reoffend is low and compels a level one classification, and the examiner erred in requiring Internet dissemination of Doe's personal information.  We affirm.

Background.  In May 1998, Doe met the victim, a thirteen year old runaway, at a gas station and engaged her in conversation.  The victim told Doe that she was twenty-three years old, lived with her sister, and could not return home

because she had gotten into a fight with her sister.  Doe said that he had just come from church.  Doe was playing gospel music on his car radio and had "church papers" in his car.  Because of the music and the papers, the victim felt safe with Doe, and she accepted his offer to put her up in a motel room for the night.  Doe then drove the victim to the motel and registered for a room.  When Doe opened the motel room door, he forcibly pulled the victim into the room and pushed her onto the bed.  The victim was unable to scream for help because Doe held a pillow over her face.  The victim told Doe that she was only thirteen years old and wanted to go home.  Doe pushed the victim's bra up and began to touch her breasts.  Doe then penetrated the victim's vagina with his penis.  Doe told the victim that he would hunt her down and kill her if she told anyone about the rape.

In November 1999, Doe was convicted of one count of rape and abuse of a child and one count of indecent assault and battery on a child under fourteen.[1]  Doe was sentenced to eight to nine years in State prison.  In January 2009, SORB classified Doe as a level three sex offender.  In March 2019, Doe moved for downward reclassification.  In support of his motion, Doe

---

[1] Doe's conviction of indecent assault and battery was later reversed and the charge dismissed.

submitted reference letters from members of his church, where he is a founder and pastor. One of the authors indicated knowledge of Doe's sex offense history. After a hearing, the examiner classified Doe as a level two sex offender. A Superior Court judge affirmed SORB's ruling, and Doe appealed.

Discussion. 1. Standard of review. When reviewing SORB's decision, we will not alter the decision unless it was

> "(a) in violation of constitutional provisions; (b) in excess of SORB's authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014) (Doe, No. 68549), citing G. L. c. 30A, § 14 (7). "The court must 'give due weight to [SORB's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it.'" Doe, No. 68549, supra at 109, quoting G. L. c. 30A, § 14 (7).

2. Level two classification. When reviewing a classification decision by SORB, we "must determine whether the decision is supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011) (Doe, No. 10800). "A hearing examiner

3

has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor."  Doe, No. 68549, 470 Mass. at 109-110.

Doe contends that the examiner erred by not attributing sufficient weight to Doe's risk mitigating factors.[2]  This argument fails.  Since 2007, Doe has been offense-free in the community, a risk mitigating factor to which the examiner gave full weight.  See 803 Code Mass. Regs. § 1.33(29) (2016).  Doe was also fifty-four years old at the time of the hearing, and he resided in a positive and supportive environment.  See 803 Code Mass. Regs. § 1.33(30), (33) (2016).  Additionally, Doe has sustained sobriety and employment, and he has volunteered extensively in his community.  See 803 Code Mass. Regs. § 1.33(34) (2016).  The examiner appropriately ascribed moderate weight to these factors.

Against these risk mitigating factors, the examiner weighed the following high risk and risk elevating factors.  Doe used and threatened violence against a child stranger.  See 803 Code Mass. Regs. § 1.33(3), (7)(a)(3), (8), (19) (2016).  Doe had a

---

[2] As to Doe's argument that the decision was unsupported by substantial evidence, we discern no error where the examiner properly relied on the Commonwealth's sentencing memoranda, filed after the defendant was convicted of the governing sex offense, which bore sufficient indicia of reliability and amounted to substantial evidence.  See, e.g., Doe, No. 10800, 459 Mass. at 638.

4

history of substance use. See 803 Code Mass. Regs. § 1.33(9) (2016). Doe also had a history of violent crime, and he accrued five disciplinary reports while incarcerated, including punching and choking his girlfriend during a visit. See 803 Code Mass. Regs. § 1.33(10), (11), (12) (2016). Furthermore, Doe had refused sex offender treatment, and he violated the terms of his parole three times. See 803 Code Mass. Regs. § 1.33(13), (24) (2016).

The examiner described the weight given to the elevating factors and explained how they outweighed the mitigating factors. The examiner carefully reasoned that the high risk factor and risk elevating factors outweighed the risk mitigating factors and supported a determination that Doe's level of risk of reoffense and degree of dangerousness was moderate. Accordingly, we discern no abuse of discretion.

3. Internet publication. "Internet publication depends not only on the probability of reoffense and the danger posed by that potential reoffense, but also on the efficacy of online publication in protecting the public from being victimized by the offender." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 654 (2019) (Doe, No. 496501). "Internet publication will almost invariably serve a public safety interest by notifying potential victims of the

5

risks presented by the offender in their geographic area." Id. at 655. The examiner is required "to ask whether, in light of the particular risks posed by the particular offender, Internet access to that offender's information might realistically serve to protect the public against the risk of the offender's sexual reoffense." Id.

Doe asserts that the examiner failed to make explicit findings that Internet publication of Doe's offender status would serve the public interest. To the contrary, the examiner made several findings related to the particular risks posed by Doe and the public safety interest that Internet publication would serve. First, the examiner emphasized that Doe violently raped a stranger child, as opposed to a family member, establishing that Internet dissemination would allow the public to take precautions when interacting with Doe. Second, because Doe has violated parole in the past, including when he committed the rape, the examiner reasonably concluded that community supervision is not a sufficient deterrent. Third, the examiner concluded that, if Doe were to reoffend, it would be against a stranger girl in the community, and Internet dissemination would allow community members to take steps to protect their children.[3]

---

[3] Although not explicitly part of the examiner's analysis, we note that Doe continued to have relationships with children through his church activities, and his child victim initially

6

Thus, we conclude that the examiner did not abuse his discretion by concluding that Internet dissemination of Doe's offender status served a public safety interest.  See Doe, No. 496501, 482 Mass. at 655.

                                   Judgment affirmed.

                                   By the Court (Desmond,
                                     Brennan & Smyth, JJ.[4]),

                                   _Paul Little_

                                   Clerk

Entered:  September 17, 2024.

---

trusted Doe because he portrayed himself as an active church member.

    [4] The panelists are listed in order of seniority.

7